*E-FILED - 8/25/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANGELO LENA, | No. C 09-2087 RMW (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| v. | |
| SUPREME COURT OF CALIFORNIA, et al., | |
| Respondents. | |

Petitioner, a Canadian prisoner, filed a petition for writ of habeas corpus, a motion for leave to file a writ of habeas corpus (docket no. 12) as well as a motion for appointment of counsel (docket no. 14). Petitioner contends, inter alia, that his right to due process and right to counsel have been violated. Specifically, petitioner claims that he was wrongfully convicted in Canada, has been incarcerated there for over nine years, and believes he has pending criminal charges waiting for him in Marin County.[1] Petitioner claims that while he was in Canadian custody, he was not afforded his right to counsel to defend his interests in Marin County. Petitioner sets forth a myriad of accusations, but appears to generally assert that after repeatedly

---

[1] The court notes that petitioner has filed at least two other petitions involving these same set of facts that were dismissed as premature. The court dismissed Lena v. Supreme Court of California, et al., No. C-08-4971 RMW, on December 15, 2008. The court dismissed Lena v. Superior Court of California, No. C-09-1645 RMW, on May 7, 2009.

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.09\Lena087dis.pretrial.wpd         1

1  requesting counsel from the Superior Court of Marin County, he was finally appointed counsel,
2  however petitioner believes counsel is ineffective in representing petitioner's interests. Because
3  the petition is not addressed to a judgment of a state court, it is considered under 28 U.S.C.
4  § 2241(c)(3).

5  Even assuming that petitioner satisfies the "in custody" requirement,[2] principles of
6  comity and federalism require that a reviewing court abstain and not entertain a pre-trial habeas
7  challenge unless the petitioner shows that: (1) he has exhausted available state judicial remedies,
8  and (2) "special circumstances" warrant federal intervention. Carden v. Montana, 626 F.2d 82,
9  83-84 (1980); see also Younger v. Harris, 401 U.S. 37, 43-54 (1971).

10  Petitioner argues that he has exhausted his state remedies. However, a conclusion that
11  petitioner has exhausted his state remedies would not end matters because the Younger
12  abstention doctrine still bars consideration of the petition. Younger applies to petitioner's
13  pending criminal case in Marin County because the proceedings are: 1) judicial in nature, 2)
14  involve important state interests and 3) afford petitioner an adequate opportunity to raise
15  constitutional issues. See Communications Telesystems Int'l v. California Pub. Util. Comm'n,
16  196 F.3d 1011, 1019 (9th Cir. 1999); Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) ( "Our
17  reading of Younger v. Harris convinces us that only in the most unusual circumstances is a
18  defendant entitled to have federal interposition by way of injunction or habeas corpus until after
19  the jury comes in, judgment has been appealed from and the case concluded in state courts.
20  Apparent finality of one issue is not enough.") (citation omitted).

21  Further, federal interference is appropriate only upon a showing of the state's bad faith or
22  harassment. See Younger, 401 U.S. at 53-54 (cost, anxiety and inconvenience of criminal
23  defense not the kind of special circumstances or irreparable harm that would justify federal court
24  intervention); Carden, 626 F.2d at 84 (only in cases of proven harassment or prosecutions
25  undertaken by state officials in bad faith without hope of obtaining a valid conviction and

---

[2] In a letter to petitioner dated February 28, 2009, petitioner's state-appointed counsel states that petitioner's Marin County case is in "bench-warrant status," and will not move forward until petitioner returns to the country and appears before the court. (Petition, Exhibit Book 7.)

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.09\Lena087dis.pretrial.wpd    2

1  perhaps in other special circumstances where irreparable injury can be shown is federal
2  injunctive relief against pending state prosecutions appropriate).  Petitioner has not demonstrated
3  such special circumstances warranting federal intervention.
4      The case is therefore DISMISSED without prejudice to refiling after all state criminal
5  proceedings are completed.
6      The clerk shall terminate any pending motions and close the file.
7      IT IS SO ORDERED.
8  DATED:  8/24/09                            *Ronald M. Whyte*
                                              RONALD M. WHYTE
9                                             United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.Rmw\HC.09\Lena087dis.pretrial.wpd     3